**Peggy HUBER, Individually and as Personal Representative of the Estate of Darrel Huber, Deceased, Plaintiff,**

v.

**ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.**

**No. CIV 89–904 JC/LFG.**

United States District Court,
D. New Mexico.

Jan. 25, 1996.

**1464**

Whitney C. Buchanan, Albuquerque, NM, Ann Kimmel Ritter, Ness, Motley, Loadholt, Richardson & Poole, Charleston, SC, for plaintiff.

Mark S. Jaffe, Lassen & Jaffe, Albuquerque, NM, Kenneth L. Harrigan, Tim L. Fields, Modrall Law Firm, Albuquerque, NM, for defendants.

## MEMORANDUM OPINION

CONWAY, Chief Judge.

THIS MATTER came on for consideration of the Motion for Summary Judgment on Product Identification filed by Defendant Owens–Corning Fiberglas on Nov. 15, 1990 *(Doc 281),* and the Amended Motion for Summary Judgment *(Doc 505)* filed on April 18, 1995 by Defendants Armstrong World Industries, Inc., Asbestos Claims Management Corporation f/k/a National Gypsum Company, A.P. Green Refractories Company n/k/a A.P. Green Industries, Inc., Grizzly Lining Company (Maremont Corporation) and GAF Corporation (collectively referred to as the "CCR Defendants"). The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motions are well-taken and will be granted.

Plaintiff filed this action in 1989 alleging that her decedent developed an asbestos-related disease as a result of his exposure to asbestos-containing products manufactured by the movant defendants and other manufacturers. In July 1991 this action and several other asbestos-related cases were transferred to the Eastern District of Pennsylvania for multi-district litigation before Judge Charles R. Weiner. By Order of July 18, 1994, Judge Weiner severed and retained the claims for punitive/exemplary damages in these cases. The remainder of the actions were remanded back to this Court for further proceedings before the then presiding Judge Juan Burciaga. Following Judge Burciaga's untimely death, two of the remanded cases, including the above-captioned matter, were transferred to me.

■ The defendants assert that they are entitled to summary judgment in their favor based upon the insufficiency of product identification of any asbestos product manufac-

tured by any of the defendants. Although couched under the "product identification" label, defendants in essence contend that Plaintiff has been unable to come forth with sufficient evidence on the element of causation. I agree.

■ Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Federal Rules of Civil Procedure 56(c) provides that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 321–323, 106 S.Ct. 2548, 2551–53, 91 L.Ed.2d 265 (1986). Upon such a showing,

> [a]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or if otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed.R.Civ.P. 56(e). Viewing the evidence in the light most favorable to the non-movant, there is no issue for trial unless the Court finds sufficient evidence to support a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–2511, 91 L.Ed.2d 202 (1986).

■ The New Mexico Supreme Court recently noted that strict products liability is especially warranted for exposures by the public to unreasonably dangerous products as alleged here.

> The burden of illness from dangerous products such as asbestos should be placed upon those who profit from its production and, more generally, upon society at large, which reaps the benefits of the various products our economy manufactures. That burden should not be imposed exclusively on the innocent victim.

*Brooks v. Beech Aircraft Corp.,* 120 N.M. 372, 376, 902 P.2d 54, 58 (1995) *(quoting Beshada v. Johns–Manville Products Corp.,* 90 N.J. 191, 447 A.2d 539 (1982). But the *Brooks* opinion stresses that the burden of plaintiffs sought to be eliminated by imposing strict liability is "the practical [problem] of establishing the failure to exercise due

care." *Brooks,* 120 N.M. at 377, 902 P.2d at 59. The burden of proving the element of causation of the injury remains on the plaintiff even in a products liability action. *Id.* at 379, 902 P.2d at 61 (in recognizing a new cause of action "impos[ing] strict liability against manufacturers for injuries *caused by* defective product design").

■ Thus, under New Mexico law, proximate cause constitutes an essential element of a plaintiff's case whether brought on a theory of negligence or strict liability. *Martin v. Unit Rig & Equipment Co., Inc.,* 715 F.2d 1434, 1439 (10th Cir.1983). Moreover, "the general tort law definition of proximate cause is applicable in products liability cases" except those premised on a failure to warn. N.M.U.J.I. 13–1424, Committee Comment. In order to prevail on her claims, therefore, Plaintiff must produce sufficient evidence, viewed in the light most favorable to her position, from which a reasonable juror could find in her favor on the issue of causation. As defined by the New Mexico Uniform Jury Instructions,

> [t]he proximate cause of an injury is that which, in a natural and continuous sequence unbroken by any independent intervening cause, produces the injury and without which the injury would not have occurred. It need not be the only cause, nor the last nor nearest cause. It is sufficient if it occurs with some other cause, acting at the same time, which, in combination with it, causes the injury. Independent intervening cause is that which interrupts the natural sequence of events which could reasonably be expected to result from the condition in which a product was sold or from an unforeseeable manner of use. An independent intervening cause unforeseeably turns aside the course of events and produces a result which could not reasonably have been expected.

N.M.U.J.I. 13–1424. Although the above instruction also addresses the issue of an "independent intervening cause" for an injury, the briefs make clear that the defendants are not seeking summary judgment on this basis. Rather, the "product identification" grounds for summary judgment is grounded on an asserted failure to show that defendants' products actually caused the decedent's illness and death. Indeed, proximate causation under New Mexico law requires that a plaintiff demonstrate that the act, or product in this case "actually aided in producing the injury." *Clay v. Ferrellgas, Inc.,* 114 N.M. 333, 337, 838 P.2d 487 (Ct.App.1992), rev'd on other grounds, 118 N.M. 266, 881 P.2d 11 (1994).

Plaintiff has failed to produce sufficient evidence from which a reasonable person could conclude that Darrel Huber was injured by, much less exposed to, an asbestos product manufactured by any of the defendants which have moved for summary judgment. Plaintiff solely relies upon the Deposition testimony of Weldon Hambrick. He testified at his deposition that he saw probably two one-pound bags of Gold Bond joint compound, an asbestos-containing material manufactured by Defendant National Gypsum, at the San Juan Power Station and Four Corners Power Plant during the time period when Plaintiff's decedent is asserted to have worked at the locations. He further testified that he never worked with Darrel Huber, never saw Darrel Huber on the job, and never saw him being exposed to asbestos. That is the extent of Hambrick's relevant testimony.

■ Several courts have held that "the mere proof that the plaintiff and a certain asbestos product are at the [workplace] at the same time, without more, does not prove exposure to that product." *Lohrmann v. Pittsburgh Corning Corp.,* 782 F.2d 1156, 1162 (4th Cir.1986). Even to survive under the more liberal "substantial factor" causation test, a plaintiff must come forward with some evidence to establish the likelihood of frequent or sustained exposure to the product. *Menne v. Celotex Corp.,* 861 F.2d 1453, 1463–64 (10th Cir.1988).

■ "Under a federal test of the sufficiency of circumstantial evidence, an inference must not be based on conjecture, speculation, or mere possibility." *Id.* at 1463 (citing to *Lohrmann,* 782 F.2d at 1163). Yet to find that Huber's injury was caused by one of the moving defendants' products would require not only pure speculation, it would necessitate a giant leap of faith. The *Celotex* standard precludes submission of this action to a jury for there is but one reasonable finding,

and that must be a finding of non-liability on the part of the moving defendants.